IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                                  OPINION AND ORDER

            Plaintiff,

                                                  18-cv-1024-bbc

    v.

LINDSAY WALKER, MICHAEL DITTMANN,
JON LITSCHER, C.O. NEUSTADER,
C.O. CAMBRON, C.O. JOHNS and RICHARD GIROUX,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Leighton D. Lindsey filed this action under 42 U.S.C. § 1983, contending that, in 2016 and 2017, prison staff at the Columbia Correctional Institution repeatedly gave him the wrong medications in violation of his rights under the Eighth Amendment and state negligence law. Now before the court is defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies for his federal claims and failure to file a notice of claim required by Wisconsin law for his state law claims. Dkt. #18. As explained below, I will grant the motion in part and deny it in part. Also before the court is plaintiff's motion to amend his complaint to add additional claims and defendants. Dkt. #15. I will grant the motion to amend his complaint as set forth below.

OPINION

A. Defendants' Motion for Summary Judgment

1. Exhaustion of Eighth Amendment claims

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these regulations as they existed in 2016 and 2017, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes

2

a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. Id. § 310.13. If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. Id. § 310.11(6). The reviewing authority's decision on the rejection is final. Id.

Plaintiff is proceeding in this case on Eighth Amendment claims that defendants acted with deliberate indifference to a serious risk of harm to plaintiff when (1) defendant Johns delivered the wrong medication to him and then failed to contact health services about it on October 30 and November 22, 2016; (2) defendant Giroux refused to contact health services on November 2, 2016, after plaintiff told him that he had taken the wrong medication; (3) defendant Cambron delivered the wrong medication to plaintiff on March 31, 2017 and then failed to contact health services about it; (4) defendant Neustader delivered the wrong medication twice on April 23, 2017; and (5) defendants Walker, Dittmann and Litscher new that correctional officers in the segregation unit were routinely giving prisoners the wrong medications but they refused to make any changes in the way medications were distributed.

Plaintiff filed four inmate complaints related to his claims, but defendants argue that plaintiff failed to exhaust any of the inmate complaints. I discuss the parties' arguments as to each complaint below.

3

a. CCI-2016-25232 and CCI-2016-25232

The first two inmate complaints that plaintiff filed were about defendant Johns's alleged medication errors. On October 31, 2016, plaintiff filed inmate complaint CCI-2016-25232 regarding Johns's October 30, 2016 medication error. Dkt. #21-2 at 16. The inmate complaint examiner recommended dismissal and the warden dismissed the complaint on December 23, 2016. Id. at 2-4. Plaintiff appealed, and on December 30, 2016, the corrections complaint examiner recommended that the complaint be returned for a "prioritized investigation" and recoding as a medical complaint to be reviewed by health services, rather than the warden. Id. at 7. The Office of the Secretary returned the complaint on January 16, 2017 for a "prioritized investigation." Id. at 8. After the complaint was returned, the inmate complaint examiner recoded the complaint as medical and again recommended dismissal. Id. at 9-10. This time, the health services manager acted as the reviewing authority and dismissed the complaint. Id. at 11. The dismissal stated that if plaintiff was dissatisfied with a decision he could file an appeal within 10 calendar days of the date of the decision. Id. Plaintiff did not appeal that dismissal to the corrections complaint examiner.

The second inmate complaint plaintiff filed was CCI-2016-25232, regarding defendant Johns's and Giroux's November 2, 2016 medication error. Dkt. #21-3 at 13-14. This inmate complaint was handled in the same way as the previous complaint against Johns. The inmate complaint examiner recommended that the complaint be dismissed, and the warden dismissed it on December 23, 2016. Id. at 2-3. Plaintiff appealed the dismissal, and

the corrections complaint examiner recommended that the complaint be returned for prioritized investigation and recoding as a medical complaint for review by the correct reviewing authority. Id. at 6. The Office of the Secretary agreed, and the complaint was returned on January 19, 2017 for a priority investigation. Id. at 7. The inmate complaint examiner again recommended dismissal, and the appropriate reviewing authority dismissed the complaint on February 9, 2017. Id. at 8-9. The dismissal stated that if plaintiff was dissatisfied with a decision he could file an appeal within 10 calendar days of the date of the decision. Id. Plaintiff did not appeal that dismissal to the corrections complaint examiner.

Defendants contend that because plaintiff did not appeal the dismissals of his inmate complaint by the health services manager, who was the correct reviewing authority, he failed to exhaust his administrative remedies. In response, plaintiff contends that he did not know he had to appeal dismissal of his inmate complaints "twice." He says that the regulations require only one appeal and do not explain clearly that he needed to appeal again.

Plaintiff's arguments are not persuasive. Under Wis. Admin. Code § DOC 310.13, inmates may appeal if they are dissatisfied with the decision of the reviewing authority. Although plaintiff appealed the warden's decisions dismissing his complaints, the Office of the Secretary did not review the merits of plaintiff's complaints. Instead, the secretary returned the complaints to the prison so that they could be investigated and reviewed by the health services manager. After the health services manager dismissed the complaints, plaintiff was notified that he had 10 days to appeal an unfavorable decision. He failed to appeal and thus, deprived the secretary of the opportunity to review the merits of his

complaints. Accordingly, I conclude that plaintiff failed to exhaust his administrative remedies with respect to his claims against defendants Johns and Giroux. Those claims will be dismissed without prejudice.

    b. CCI-2017-11724 and CCI-2017-11859

Plaintiff filed inmate complaint CCI-2017-11724 regarding defendant Cambron's March 31, 2017 delivery of the wrong medication to him. Dkt. #21-4 at 8. He also filed inmate complaint CCI-2017-11859 regarding defendant Neustader's April 23, 2017 delivery of the wrong medication. Dkt. #21-5 at 8. His first inmate complaint was returned with instructions from the inmate complaint examiner that plaintiff attempt to resolve the issue by contacting his unit manager and the health services manager. Dkt. #21-4 at 10. Plaintiff wrote to the unit manager and health services manager and then refiled his inmate complaints. The receipt he received from the inmate complaint examiner stated, "Please write to the ICE if this issue is resolved before you receive an answer." Id. at 1. Before the inmate complaint examiner ruled on either complaint, plaintiff received a response from his unit manager, which stated that there was now a medication log on the unit for plaintiff and that staff had been sent a reminder about the medication distribution process. Id. at 12. In addition, one of plaintiff's medications had been removed from the unit and would be distributed by health services. Dkt. #21-5 at 11. After plaintiff received the response, he wrote to the inmate complaint examiner that he had "spoken to the unit manager Walker and a few nurses" and that "the issues related to grievances CCI-2017-11724 and CCI-2017-

6

11859 have been resolved so you can end your investigations in regards to both complaints." Dkt. #21-4 at 14. The inmate complaint examiner then rejected both inmate complaints as moot. Id. at 2. Plaintiff appealed the rejections, stating that "staff addressed [the] issue and [he] received feasible results," but that he was appealing solely "in an effort to exhaust" his administrative remedies. Id. at 15. His appeals were rejected as untimely because it was received beyond the 10-day limit. Id. at 5.

Defendants argue that plaintiff did not exhaust his administrative remedies as to his claims against Cambron and Neustader because he withdrew CCI-2017-11724 and CCI-2017-11859 before the inmate complaint examiner ruled on them and then failed to file a timely appeal. In response, plaintiff states that he notified the inmate complaint examiner that his complaints had been resolved because that it what he was instructed to do. Plaintiff agrees that his specific complaints had been resolved because the unit and health services manager had responded to his complaints, had agreed to make changes to medication distribution and had reminded staff about proper procedures. Defendants argue that plaintiff's agreement with the resolution of his complaint is not enough, however, because prisoners must complete the entire grievance process even if they believe it would be futile.

Defendants' argument is not persuasive. "If a grievance is rejected as moot because the issue has been resolved and there is no relief that can be provided through the grievance system, then there is no 'available' administrative remedy to exhaust." Carroll v. Chapman, No. 17-CV-137-BBC, 2017 WL 6622802, at *2 (W.D. Wis. Dec. 28, 2017) (quoting Elkins v. Schrubbe, No. 04 C 85, 2006 WL 1663779, at *55 (E.D. Wis. June 15, 2006) (citing

Thornton v. Snyder, 428 F.3d 690, 695-97 (7th Cir. 2005)). For example, in Thornton, the prisoner had filed an emergency grievance with the warden, complaining about his mattress. Id. at 692. After the warden responded with a letter stating that the prisoner's grievance was not an emergency, the prisoner did not appeal or file a new grievance, as permitted by the prison regulations. A few weeks later, the prisoner was moved to a new cell. Id. at 693. The defendants argued that the prisoner did not exhaust his administrative remedies because he failed to file an appeal from the warden's letter. Id. at 695. The court of appeals rejected this argument because, before the prisoner's time for appeal expired, he had received the relief he had requested. The court of appeals explained that the requirement to exhaust "all available remedies" does not require an inmate to "appeal grievances that were resolved as he requested and where money damages were not available." Id.

As in Thornton, plaintiff's complaint in this case became moot because he had received relief on his inmate complaints before they were resolved by the reviewing authority. The regulations define "moot" as meaning that "the issue or complaint is one which seeks to determine an abstract question which does not arise upon existing facts or rights, or where there would be no practical effect to any remedy because the issue or complaint is already resolved." Wis. Admin. Code § 310.03(13). The inmate complaint examiner concluded that plaintiff had received the relief he had requested and could obtain no further relief through the grievance process.

Defendants do not argue that plaintiff's complaint was dismissed incorrectly as moot, do not speculate about what additional relief plaintiff might have received and do not suggest

8

that plaintiff could have obtained money damages. Thus, defendants are essentially arguing that prisoners must pursue inmate complaints that are (a) properly rejected as falling outside the grievance system or (b) resolved in their favor because there is a possibility the prison will grant relief above and beyond what the inmate received already. No reasonable prison official would want a prisoner to pursue grievances in such circumstances, after an issue has been resolved. At that point, the grievance has served the primary purposes of §1997e(a), which is to give prison officials notice of the prisoner's problem and give them an opportunity to resolve it before a lawsuit is filed. Perez, 182 F.3d 532, 537–38 (1999). See also Shaw v. Jahnke, 607 F. Supp. 2d 1005, 1010 (W.D. Wis. 2009) ("[P]laintiff would have no reason to appeal the decision in which the examiner concluded that plaintiff's issue had been 'addressed' previously.").

Finally, defendants also argue that plaintiff's situation is no different from those cases in which courts have rejected a prisoner's futility defense to exhaustion. E.g., Booth v. Churner, 532 U.S. 731 (2001); Perez, 182 F.3d 532. However, the court of appeals distinguished those cases in Thornton, explaining that unlike the situation in which a prisoner receives his requested relief, Booth and Perez were cases in which there was "still the possibility of some relief that prison officials could have offered." Thornton, 428 F.3d at 696. Defendants do not suggest that plaintiff could have received additional relief through the inmate complaint review system. Therefore, I conclude that plaintiff exhausted his available administrative remedies with respect to his claims against defendants Cambron and Neustader. Defendants make no argument regarding whether plaintiff exhausted his

9

claims against Walker, Dittmann and Litscher, so those claims will proceed as well.

2. Notice of claim for plaintiff's state law claims

Plaintiff is also proceeding on state law negligence claims against defendants Johns, Cambron, Neustader, Giroux, Dittmann, Walker and Litscher based on the same allegations that support his Eighth Amendment claims. Defendants seek summary judgment on plaintiff's state law claims on the ground that plaintiff failed to comply with Wisconsin's notice of claim requirements.

Wisconsin's notice of claim statute applicable to state employees requires a claimant in a civil action to serve the attorney general written notice of the circumstances of his claim by certified mail within 120 days of the event causing the injury. Wis. Stat. § 893.82(3). The notice of claim must include the "names of the persons involved, including the name of the state officer, employee or agent involved." Id. Strict compliance with the statute is a jurisdictional requirement for a state law claim against a state employee. Sorenson v. Batchelder, 2016 WI 34, ¶ 30, 368 Wis. 2d 140, 154, 885 N.W.2d 362, 368 (citing Wis. Stat. § 893.82(2m)); Ibrahim v. Samore, 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984). See also Weinberger v. Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997) ("Section 893.82 is jurisdictional and strict compliance is required.").

Plaintiff filed two notices of claim related to the negligence claims in this case. Plaintiff's first notice, #2017-4368, was sent by first-class mail to the attorney general, rather than by certified mail as required by the statute. A notice of claim sent by first-class

mail does not satisfy the requirements of § 893.82. The Wisconsin Supreme Court has held that the certified mail requirement must be followed. Sorenson, 2016 WI at ¶ 46, 368 Wis. 2d at 160–61, 885 N.W.2d at 372 (affirming dismissal of action after concluding that personal service did not comply with certified mail requirement of Wis. Stat. § 893.82(5)). See also Kelly v. Reyes, 168 Wis. 2d 743, 744, 484 N.W.2d 388, 388 (Ct. App. 1992) (affirming dismissal of action where plaintiff used "regular mail, not certified mail to serve notice of his claim upon attorney general"); Thomas v. Mashak, No. 16-CV-496-BBC, 2017 WL 5195252, at *4 (W.D. Wis. Nov. 9, 2017), aff'd, 743 F. App'x 702 (7th Cir. 2018) (holding that notice sent by first-class mail did not satisfy requirements of § 893.82).

Plaintiff's second notice, #2017-7638, was postmarked October 11, 2017, which was 171 days after the latest date incident identified in his complaint, April 23, 2017. Because the statute requires that notices be filed within 120 days of the event causing injury, plaintiff's notice of claim was untimely.

Plaintiff states that he timely submitted notices of claim for mailing by certified mail, but that prison guards must have intercepted and discarded them. He argues that prison staff have interfered with his mail on several occasions and that they must have done so with his notices of claim. However, Wisconsin's notice of claim requirements are jurisdictional and there are no equitable exceptions. Even if plaintiff had evidence to prove that prison staff failed to send his notices of claim on time and by certified mail, I would still be required to dismiss his state law claims. See, e.g., Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997) ("Whatever reason Mr. Weinberger may offer for his inability to comply, the fact

is that noncompliance is fatal to the claim."); Peckham v. Spitz, 207 Wis. 2d 645, 559 N.W.2d 925 (Ct. App. 1996) ("Thus, whatever justification Peckham may wish to show for not complying with § 893.82 would not alter the fact of her noncompliance, which is 'fatal to [her] claim.'"); Oney v. Schrauth, 197 Wis. 2d 891, 904, 541 N.W.2d 229, 233 (Ct. App.1995) ("The requirements of the statute cannot be waived and 'no basis exists for the equitable doctrine of estoppel.'"); Craig v. Klemmer, No. 17-CV-288-JPS, 2018 WL 922364, at *6 (E.D. Wis. Feb. 15, 2018) ("There is no equitable basis to excuse Craig's untimely notice."). Accordingly, I will dismiss plaintiff's state law claims for lack of subject matter jurisdiction.

### B. Plaintiff's Motion to Amend his Complaint

Also before the court is plaintiff's motion for leave to file an amended complaint. He repeats many of the same allegations as his original complaint, but seeks to add as defendants Lucas Weber (security director), Maureen White (health services manager), Renee Schueler (health services manager), Jamie Gohde (health services manager) and Kalen Ruck (deputy warden). He alleges that like defendants Walker, Dittmann and Litscher, these supervisory defendants knew the correctional officers in the segregation unit at Columbia Correctional Institution were routinely giving prisoners the wrong medications but that they refused to make any changes to the way medications were distributed, such as by requiring nursing staff to administer medications or providing sufficient training to the correctional officers in medication distribution. Plaintiff's allegations suggest that Weber, White, Schueler, Gohde and Ruck knew that the medication distribution procedures subjected inmates to a substantial risk of serious

harm and that they could have changed the procedures, but failed to do so. Therefore, plaintiff may proceed with Eighth Amendment claims against Weber, White, Schueler, Gohde and Ruck, in addition to his Eighth Amendment claims against Cambron, Neustader, Walker, Dittmann and Litscher.

In his amended complaint, plaintiff includes Eighth Amendment claims against Johns and Giroux, as well as state law claims against all defendants. Plaintiff may not proceed on these claims because he failed to exhaust his administrative remedies as to his claims against Johns and Giroux and he failed to file a notice of claim as to his state law claims.

ORDER

IT IS ORDERED that

1. Defendants' motion for summary judgment, dkt. #18, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiff Leighton D. Lindsey's Eighth Amendment claims against defendants CO Johns and Richard Giroux, which are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies. The motion is also GRANTED with respect to plaintiff's state law claims, which are DISMISSED for lack of subject matter jurisdiction. The motion is DENIED in all other respects.

2. Plaintiff's motions for leave to file an amended complaint, dkt. ##15, 17, are GRANTED.

3. Plaintiff is GRANTED leave to proceed on his claims that (a) defendants CO

Cambron and CO Neustader acted with deliberate indifference by giving plaintiff the wrong medications and failed to insure that plaintiff received medical treatment despite knowing he was suffering adverse effects from taking the wrong medications; and (b) defendants Michael Dittmann, Lindsay Walker, John Litscher, Lucas Weber, Maureen White, Renee Schueler, Jamie Gohde and Kalen Ruck failed to change the procedures by which prisoners in segregation received medication despite knowing that the correctional officers were routinely administering the wrong medications.

4. Plaintiff is DENIED leave to proceed on any other claim.

Entered this 4th day of September, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge