IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                       OPINION AND ORDER

        Plaintiff,

                                        18-cv-1024-bbc

     v.

LINDSAY WALKER, MICHAEL DITTMANN,
JON LITSCHER, C.O. NEUSTADER,
C.O. CAMBRON, LUCAS WEBER, MAUREEN WHITE,
RENEE SCHUELER, JAMIE GOHDE AND KALEN RUCK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Leighton D. Lindsey filed this action under 42 U.S.C. § 1983, contending that, in 2016 and 2017, prison staff at the Columbia Correctional Institution repeatedly gave him the wrong medications in violation of his rights under the Eighth Amendment and state negligence law. On September 4, 2019, I entered an order dismissing plaintiff's claims against two prison officials for failure to exhaust his administrative remedies. Dkt. #34. I denied defendants' motion for summary judgment as to plaintiff's claims against the remaining defendants, because defendants had not shown that plaintiff failed to exhaust his administrative remedies as to them. I also granted plaintiff's motion to amend his complaint to add new claims against several new defendants.

       Several motions are before the court. Defendants filed a motion seeking reconsideration of the order denying summary judgment as to defendants CO Neustader and CO Cambron. Dkt. #43. In the same motion, defendants seek summary judgment on

1

exhaustion grounds as to plaintiff's claims against the new defendants. Id. Because I agree that my previous opinion was in error and that defendants have shown that plaintiff failed to exhaust his administrative remedies as to any defendant, I will grant defendants' motion and dismiss all of plaintiff's claims.

Plaintiff has filed a motion for a preliminary injunction, seeking an order prohibiting security staff from distributing medications for the duration of this lawsuit, dkt. #40, as well as motions to compel and for review of his medical records. Dkt. ## 48, 49. Because I am dismissing plaintiff's claims, I will deny these motions as moot.

OPINION

A. Defendants' Motion for Reconsideration

Defendants contended previously that plaintiff failed to exhaust his administrative remedies as to his claims that (1) defendant Cambron delivered the wrong medication to plaintiff on March 31, 2017 and then failed to contact health services about it, and (2) defendant Neustader delivered the wrong medication twice on April 23, 2017. The record evidence shows that plaintiff filed inmate complaints about both defendants (CCI-2017-11724 and CCI-2017-11859), but that plaintiff wrote to the inmate complaint examiner stating that his problems had been resolved before the inmate complaint examiner addressed the complaints. Specifically, plaintiff wrote that he had "spoken to the unit manager Walker and a few nurses" and that "the issues related to grievances CCI-2017-11724 and CCI-2017-11859 have been resolved so you can end your investigations in regards to both complaints."

Dkt. #21-4 at 14. In addition, one of plaintiff's medications had been removed from the unit and would be distributed by health services. Dkt. #21-5 at 11. The inmate complaint examiner then rejected both inmate complaints as moot. Id. at 2. Plaintiff appealed the rejections, stating that "staff addressed [the] issue and [he] received feasible results," but that he was appealing solely "in an effort to exhaust" his administrative remedies. Id. at 15. His appeals were rejected as untimely because they were received beyond the 10-day limit. Id. at 5.

Defendants argued that plaintiff did not exhaust his administrative remedies as to these inmate complaints because he withdrew them before the inmate complaint examiner ruled on them and then failed to file a timely appeal. I rejected this argument, concluding that because plaintiff's grievances had been resolved and there was no further relief that could be provided to plaintiff through the grievance system, plaintiff was not required to pursue his grievances further. I relied on Thornton v. Snyder, 428 F.3d 690, 695-97 (7th Cir. 2005), in which the court of appeals had held that a prisoner was not required to appeal grievances "that were resolved as he requested and where money damages were not available." Id. See also Carroll v. Chapman, No. 17-CV-137-BBC, 2017 WL 6622802, at *2 (W.D. Wis. Dec. 28, 2017) ("If a grievance is rejected as moot because the issue has been resolved and there is no relief that can be provided through the grievance system, then there is no 'available' administrative remedy to exhaust.")

Defendants argue that this conclusion was erroneous, because plaintiff did not obtain the relief he requested in his inmate complaints. According to plaintiff, his inmate

3

complaint prompted his unit manager to insure that a medication log was on the unit for plaintiff and that staff was sent a reminder about the medication distribution process. However, that is not the relief that plaintiff requested in his inmate complaints. Plaintiff requested in his inmate complaints that guards be prohibited from administering medications, dkt. #21-4 at 9; dkt. #21-5 at 9, and it is undisputed that plaintiff did not receive this relief. Plaintiff continues to seek this relief, as shown by his motion for a preliminary injunction discussed above.

Defendants' argument is persuasive. Under Thornton, an inmate must still exhaust if "*some* remedy is available to the inmate through the administrative process." Id. at 695 (emphasis added). In this case, the medication log and reminder to correctional staff provided plaintiff some relief. However, plaintiff's claims are premised on his allegations that correctional staff are not trained properly to distribute medications and that under the prison's current and practices, mistakes are bound to happen. Because correctional staff would continue to distribute medications, plaintiff had not received all of the relief he desired or requested. In sum, because there was "still the possibility of some relief that prison officials could have offered" plaintiff on his claim, Thornton, 428 F.3d at 696, he was not excused from exhausting. Therefore, I will grant defendants' motion for reconsideration and will dismiss plaintiffs' claims against defendants Cambron and Neustader for plaintiff's failure to exhaust all of his administrative remedies.

B. <u>Defendants' Motion for Summary Judgment</u>

For the same reasons, I will grant defendants' motion for summary judgment as to plaintiffs' claims against defendants Walker, Dittman, Litscher, Weber, White, Schueler, Gohde and Ruck. These defendants are in supervisory or administrative positions, and plaintiff contends that they are responsible for implementing the policies and practices that permit correctional officers to distribute medications to inmates. Besides the two inmate complaints discussed above (CCI-2017-11724 and CCI-2017-11859), plaintiff has identified no other inmate complaints that he says were sufficient to exhaust his claims against these officials. However, for the reasons discussed above, plaintiff did not exhaust those two inmate complaints because he withdrew them and then filed untimely appeals. Because plaintiff failed to exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a), I must dismiss his claims.

ORDER

IT IS ORDERED that

1. The motion for reconsideration and for summary judgment filed by defendants CO Cambron, CO Neustader, Michael Dittmann, Jamie Gohde, Jon Litscher, Kalen Ruck, Renee Schueler, Lindsay Walker, Lucas Weber and Maureen White, dkt. #43, is GRANTED. Plaintiff Leighton D. Lindsey's claims are DISMISSED without prejudice for his failure to exhaust his administrative remedies.

2. Plaintiff's motions for a preliminary injunction, dkt. #40, for medical review, dkt.

#48, and to compel, dkt. #49, are DENIED as moot

    3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 5th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge